AO 106 (Rev. 04/10) Application for a Search Warrant

SEALED

FILED

NOV 20 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify<br>the person by name and address)*<br><br>Google, Inc., Custodian of Records, 1600 Amphitheatre<br>Parkway, Mountain View, California 94043<br><br>ADIEN1986@GMAIL.COM;<br>NNANO2520@GMAIL.COM;<br>BRAD.VAINE@GMAIL.COM; AND<br>DEVENCARTER@GMAIL.COM | Case No:<br><br>1: 1 2 SW 0 0 3 4 5 - BAM |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location [See Attachment Exhibit "A"])*:

located in the Eastern District of California. and elsewhere, there is now concealed *(identify the person or describe the property to be seized [See Attachment Exhibit "B"])*:

The basis for the search under Fed. R. Crim. P. 41 (c) is *(check one or more)*:
☒ evidence a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

This search is related to a violation of:

| 18 U.S.C. 2252(a)(2) | Receipt and/or Distribution of Child Pornography |
|---|---|
| 18 U.S.C. 2252(a)(4)(B) | Possession of Child Pornography |

The application is based on these facts:

☒ Continued on the attached.
☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set for the on the attached sheet.

*Applicant's signature*

Andres Varela    Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/20/12

*Judge's signature*

City and State: ___ Fresno, California

D. Mc Huliffe
*Printed name and title*

**A F F I D A V I T**

I, Andres Varela, being duly sworn, state as follows:

## I.     INTRODUCTION

1. I am a Special Agent with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE)/Homeland Security Investigations (HSI), presently assigned to the Office of the Resident Agent in Charge, Fresno, California (HSI/Fresno). I have been a Special Agent with HSI for approximately two (2) years. I have received training in the investigation of the sexual exploitation of children at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia, which was a part of my training in the Criminal Investigator Training Program (CITP), and the ICE Special Agent Training Program (ICESAT). I have been trained in the area of child pornography and exploitation, computers, and how the internet is used to transmit child pornography and exploit children. I have been the case agent on multiple child exploitation investigations and as part of my duties have observed and reviewed numerous examples of child pornography and visual depictions of minors engaged in sexually explicit conduct (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media. In addition to my training at FLETC, I received my Bachelor's Degree in International Business from Barry University in Miami Shores, FL.

2. I make this affidavit in support of an application for a search warrant for certain accounts controlled by the Internet Service Provider/electronic mail provider, known as Google Inc., headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043. The Google GMAIL email accounts for which I am requesting authorization to search are known by the Google GMAIL email account names:

- **ADIEN1986@GMAIL.COM;**
- **NNANO2520@GMAIL.COM;**
- **BRAD.VAINE@GMAIL.COM; AND**
- **DEVENCARTER@GMAIL.COM;**

As set forth herein, there is probable cause to believe that on the computer systems of Google Inc., there exists evidence, fruits, and instrumentalities of violations of Title, 18 United States Code, Section 2252(a)(4)(B) and 2252A(a)(5)(B), which make it a crime to possess child

1

pornography, and 18 U.S.C. §§ 2252(a)(2) and 2252A(a)(2), which make it a crime to receive child pornography in interstate commerce by computer and §§ 2252(a)(1) and 2252A(a)(1), which make it a crime to transport or ship child pornography in interstate commerce.

3. In my training and experience, including information I have received from Google Inc., I have learned that Google, Inc., is an Internet-based company that provides free electronic mail and instant messaging services to its users and provides online storage capabilities for electronic communications and image files. Further, I am aware that computers located at Google, Inc., contain information and other stored electronic communications belonging to the subject of this investigation, as well as unrelated third parties who are also members of Google Inc. Accordingly, this affidavit and application for search warrant seek authorization to seize the records and information specified in Attachment "B."

4. I am familiar with the information contained in this Affidavit based primarily upon information I have obtained during the course of this investigation, of which I am the lead case agent/investigating officer. I have set forth only those facts that I believe are necessary to establish probable cause to believe that evidence of violations of 18 U.S.C. §§ 2252, and 2252A are located in the stored contents of the Google, Inc., GMAIL user accounts further described in Attachment "B" of this Affidavit.

5. As a result of the investigation described more fully below, there is probable cause to believe that evidence, fruits, and instrumentalities of violations of federal law, including 18 U.S.C. §§ 2252 and 2252A, may be present in the stored contents of email account or accounts of a Google, Inc., GMAIL subscriber more fully specified in Attachment "A" of this Affidavit.

6. It is my belief, based on information obtained during the course of a criminal child pornography investigation of a subject known to be utilizing the Google Inc. GMAIL username/email account **ADIEN1986@GMAIL.COM** that files containing child pornography were sent to the following Google email address: **NNANO2520@GMAIL.COM.** I also believe there is probable cause that the individual utilizing the account **ADIEN1986@GMAIL.COM** distributed images of child pornography to other individuals. I believe that the GMAIL accounts **ADIEN1986@GMAIL.COM** and **NNANO2520@GMAIL.COM (SUBJECT ACCOUNTS)** contain evidence of the distribution of images of child pornography. I believe, based on my previous investigative experience and

2

information described later in this affidavit, that probable cause exists indicating that these accounts were used to distribute child pornography. Based on the pattern of illicit conduct associated with this account it is my contention that a review of the stored contents of the requested Google, Inc., GMAIL email will assist me, and other investigators, in the identification of potential evidence of other acts of distribution of child pornography by the user(s). It is requested that the court grant authorization to me and other investigators assigned to this investigation to access the stored contents of the accounts, presently contained on the servers of Google Inc.

**II.     Search Procedures Related to Google, Inc., GMAIL and Stored Contents of Electronic Mail/Instant Messaging Data:**

7. In order to facilitate seizure by law enforcement of the records and information described in Attachment "B," this affidavit and application for search warrant seek authorization to permit employees of Google, Inc., to assist law enforcement agents in the execution of this warrant. In executing this warrant, the following procedures will be implemented:

a. The search warrant will be presented to Google, Inc., personnel who will be directed to isolate those accounts and files described in Attachments "A" and "B";

b. In order to minimize any disruption of computer service to innocent third parties, Google, Inc., employees and/or law enforcement personnel trained in the operation of computers will create an exact duplicate of the computer accounts and files described in Attachment "B," including an exact duplicate of all information stored in the computer accounts and files described in Attachments "A" and "B";

c. Google, Inc., employees will provide the exact duplicate in electronic form of the accounts and files described in Attachments "A" and "B" and all information stored in those accounts and files to the agent who serves this search warrant; and

d. Law enforcement personnel will thereafter review all information and records received from Google, Inc., employees to determine the information to be seized by law enforcement personnel pursuant to Attachment "B."

3

## III.    Background Regarding Computers, the Internet, and E-Mail:

8.  The term "computer" as used herein is defined in 18 U.S.C. § 1030(e)(1), and includes an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

9.  I have had both training and experience in the investigation of computer-related crimes.  Based on my training, experience and knowledge, I know the following:

a.  The Internet is a worldwide network of computer systems operated by governmental entities, corporations, and universities.  In order to access the Internet, an individual computer user must subscribe to an access provider, which operates a host computer system with direct access to the Internet.  The world wide web ("www") is a functionality of the Internet which allows users of the Internet to share information;

b.  With a computer connected to the Internet, an individual computer user can make electronic contact with millions of computers around the world.  This connection can be made by any number of means, including modem, local area network, wireless and numerous other methods; and

c.  E-mail is a popular form of transmitting messages and/or files in an electronic environment between computer users.  When an individual computer user sends e-mail, it is initiated at the user's computer, transmitted to the subscriber's mail server, then transmitted to its final destination.  A server is a computer that is attached to a dedicated network and serves many users.  An e-mail server may allow users to post and read messages and to communicate via electronic means.

## IV. Electronic Mail Provider Google Inc.:

10.  Based on my training and experience, I have learned the following about Google Inc.:

a.  GMAIL is a free electronic mail service provider, which also functions as an online search engine that provides free access and service to its members, who utilize unique user names/email addresses to differentiate from one another's password protected accounts.

4

b. Google, Inc., GMAIL is one of the more popular email services in the world, with approximately 193 million unique users visiting the site and/or accessing its services per month. Google, Inc., provides internet communication services such as Google, Inc., Mail and Google Inc. Messenger. Google, Inc., Mail is one of the largest e-mail services in the world and Google Inc. Messenger is a highly popular instant communication program that users 'access via their free email service.

c. Subscribers to Google, Inc., may access their accounts on servers maintained and/or owned by Google, Inc., from any computer connected to the Internet located anywhere in the world;

d. Based on your Affiant's previous experience and conversations with agents who have served search warrants in previous and unrelated child pornography and child sexual exploitation investigations, stored communications are maintained on servers for an extended period of time, potentially in excess of 180 days. This includes messages/emails sent by a member and/or received by a member, as well as images downloaded or uploaded by a member, and Internet Protocol Address logs that are essential in identifying the location from which a subject is accessing the account;

e. When the subscriber sends an electronic message, it is initiated at the user's computer, transferred via the Internet to Google, Inc., servers, and then transmitted to its end destination, generally the computer of another Google, Inc., member. The contents of the message can remain on Google's servers for an extended period of time, potentially in excess of 180 days;

f. A Google, Inc., subscriber can store files, including electronic communications and image files, on servers maintained and/or owned by Google, Inc.;

g. Google, Inc., users create an online profile in order to show information such as interests, age and hometown and have the ability to upload personal pictures in online storage folders. Google, Inc., also allows the user to create personal photo albums utilizing Picasa and join Google, Inc., NewsGroups, which provide like-minded individuals with similar interests to congregate and share communications and files with one another via the Internet. Users can also send instantaneous Instant Messages to other users. When a person receives an Instant Message, he or she may accept or decline it, or block the user altogether. If the user accepts the Instant

5

Messages and responds, the two will be connected directly and can engage in a real-time conversation through typed text. The user will then appear on the person's friend list and vice-versa.

h. As an ICE HSI Special Agent, I am trained and experienced in identifying communications relevant to the crimes under investigation. The personnel of Google, Inc., are not. I also know that the manner in which the data is preserved and analyzed may be critical to the successful prosecution of any case based upon this evidence. Computer Forensic Examiners and investigators assigned to online child sexual exploitation investigations are trained to handle digital evidence, while Google, Inc., employees are not. It would be inappropriate and impractical, however, for federal agents to search the vast computer network of Google, Inc., for the relevant accounts and then to analyze the contents of those accounts on the premises of Google, Inc. The impact on Google's business would be severe.

i. In order to accomplish the objective of the search warrant with a minimum of interference with the business activities of Google, Inc., to protect the rights of the subject of the investigation and to effectively pursue this investigation, authority is sought to allow Google, Inc., to make a digital copy of the entire contents of the information subject to seizure specified in Attachment "B." That copy will be provided to me or to any authorized law enforcement officer. The contents will then be analyzed to identify records and information subject to seizure pursuant to Attachment "B"; and

j. Executing a warrant to search a Google, Inc., email account requires an approach similar to the standard approach for executing a warrant to search papers stored in a file cabinet. Searching the subject account in this case for evidence of the target crimes will require that agents cursorily inspect all communications produced by Google, Inc., in order to ascertain which contain evidence of those crimes, just as it is necessary for agents executing a warrant to search a filing cabinet to conduct a preliminary inspection of its entire contents in order to determine the documents which fall within the scope of the warrant. In addition, keyword searches alone are inadequate to ensure that law enforcement can discover all information subject to seizure pursuant to Attachment "B." Keywords search text, but many common

6

electronic mail, database and spreadsheet applications files (which files may have been attached to electronic mail) do not store data as searchable text.

## V.     Stored Wire and Electronic Communication Access:

11. Title 18, United States Code, Chapter 121, Sections 2701 through 2711, is entitled "Stored Wire and Electronic Communications and Transactional Records Access."

a. Title 18, United States Code, Section 2703(a) provides, in part:

A governmental entity may require the disclosure by a provider of electronic communication service of the contents of a wire or electronic communication, that is in electronic storage in an electronic communications system for one hundred and eighty days or less, only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant. A governmental entity may require the disclosure by a provider of electronic communications services of the contents of a wire or electronic communication that has been in electronic storage in an electronic communications system for more than one hundred and eighty days by the means available under subsection (b) of this section.

b. Title 18, United States Code, Section 2703(b) provides, in part:

(1) A governmental entity may require a provider of remote computing service to disclose the contents of any electronic communication to which this paragraph is made applicable by paragraph (2) of this subsection –

(A) without required notice to the subscriber or customer, if the governmental entity obtains a warrant issued under the Federal Rules of Criminal Procedure or equivalent State warrant...

(2) Paragraph (1) is applicable with respect to any electronic communication that is held or maintained on that service –

(A) on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such remote computing service; and

7

(B) Solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing.

c. The government may also obtain records and other information pertaining to a subscriber to or customer of electronic communication service or remote computing service by way of a search warrant. 18 U.S.C. § 2703(c)(1)(A). No notice to the subscriber or customer is required. 18 U.S.C. § 2703(c)(3).

d. Title 18, United States Code, Section 2711, provides, in part:

As used in this chapter –
(1) the terms defined in section 2510 of this title have, respectively, the definitions given such terms in that section; and
(2) the term "remote computing service" means the provision to the public of computer storage or processing services by means of an electronic communications system.

e. Title 18, United States Code, Section 2510, provides, in part:

(8) "contents," when used with respect to any wire, oral, or electronic communication, includes any information concerning the substance, purport, or meaning of that communication; . . .
(14) "electronic communications system" means any wire, radio, electromagnetic, photo-optical or photo-electronic facilities for the transmission of electronic communications, and any computer facilities or related electronic equipment for the electronic storage of such communications;
(15) "electronic communication service" means any service which provides to users thereof the ability to send or receive wire or electronic communications;
(17) "electronic storage" means --
(A) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and
(B) any storage of such communication by an electronic communication service for purposes of backup protection of such communication.

**VI. Summary of Probable Cause, Investigative Facts, and Circumstances:**

12. On November 6, 2012, Your Affiant participated in a state search warrant along with members of the Fresno County Sheriff's Office, Internet Crimes Against Children (ICAC) Task Force.  During the execution of the search warrant at 1460 N 6th Street, Apt 105, in Fresno, California, Bradley VAINE was encountered. VAINE agreed to an interview with me and Homeland Security Investigations (HSI) Special Agent (SA) Craig Finley. VAINE was notified of his Miranda rights and orally agreed to speak with investigators.

13. VAINE advised investigators post-Miranda that he had downloaded files containing child pornography using peer-to-peer file-sharing software. VAINE then told investigators that he had traded several files using the email address of **ADIEN1986@GMAIL.COM.** I asked VAINE if he was willing to give consent to agents to search his Gmail account and take it over to use for investigative purposes. VAINE agreed and voluntarily signed a "consent to assume online presence" form. VAINE provided investigators with the username and password for the following GMAIL accounts:

- **ADIEN1986@GMAIL.COM;**
- **BRAD.VAINE@GMAIL.COM; AND**
- **DEVENCARTER@GMAIL.COM**

14. After leaving VAINE's residence, investigators accessed ADIEN1986@GMAIL.COM and opened numerous email messages in which VAINE sent or received files containing child pornography. Investigators identified numerous email addresses that were being used to actively trade child pornography with VAINE.

15. One of the files, titled "_6.jpg", is a color photo that depicts a prepubescent female being vaginally penetrated by an adult male's penis.  The image is zoomed in, so one can only see the vaginal area of the prepubescent female and the adult male penis and genital area. It should be noted that a large amount of pubic hair is visible on the male's genital area. On September 11, 2012, VAINE, used his ADIEN1986@GMAIL.COM account to email the same file to LITTLE.TOYZ@YAHOO.COM.

16. On July 22, 2012, VAINE emailed a file titled "!!!CHILD-CP-9 (1).JPG" to MARALL97@MSN.COM. This image file depicts a nude, prepubescent female that is approximately 7 to 9 years of age. The prepubescent female is standing in front of a nude adult male and is performing oral sex on the adult male's erect penis.

17. On June 1, 2012, VAINE emailed a file titled "!!!!! boy fucked 10.jpg" to NNANO2520@GMAIL.COM. This image file depicts a nude, prepubescent male that is being anally penetrated by an adult male's penis. The image is zoomed in on the prepubescent male's penis and anus and the adult male's penis. The prepubescent male is holding his un-erect penis with one of his hands

18. On September 11, 2012, VAINE received an email message from LITTLE.TOYZ@YAHOO.COM containing a file titled "jeff10.jpg". This file contains a color photo of a prepubescent male toddler. The image is a close up shot of the male toddler's penis being held by two fingers of an adult male's hand. VAINE also received numerous email messages by email that contained files of child pornography. For example, on September 13, 2012, VAINE received an email from LITTLE.TOYZ@YAHOO.COM containing a file titled "boy.jpg". This file contains a color photo of a prepubescent male who appears to be approximately two years old. The prepubescent male child is lying on his back and wearing a dark-colored shirt that is pulled up. The image is zoomed in on the prepubescent male's genital area. There is an erect, adult male's penis being inserted into the male child's anus.

19. It is my belief, based on information developed during this investigation, as well as during my training and experience, that evidence of the receipt of and distribution of child pornography will be located in the stored email contents of the aforementioned SUBJECT ACCOUNTS. This belief is primarily based on the parts of the investigation summarized above, including VAINE's statements about his use of GMAIL to distribute suspected images of child pornography. Additionally, images of child pornography were located by Fresno County Sheriff's Office Detective Julie Williams on a hard drive operated and owned by VAINE. Based on my training and investigative experience related to child pornography investigations, I am aware that persons who engage in conduct similar to that described in this affidavit, often save both images and/or correspondence in their stored email contents and may save or have evidence of previous

online communications with other like-minded individuals engaged in similar illegal conduct, namely the receipt and distribution of child pornography. It is my contention, based on my training and investigative experience, that individuals such as those described in this affidavit engage in the trading of illegal images with other persons via electronic mail as a means to validate their own illegal behavior by consorting with like-minded individuals, with the effect of positively reinforcing one another's online habits. I also know that individuals involved in the distribution and/or receipt of child pornography are known to often maintain their child pornography collections on the servers of their respective Internet Service Provider, providing them a quick and convenient ability to send it to an individual with whom they are trading online.

20. I submit that there is probable cause to believe that the Google Inc. email accounts specified in Attachment "A" of this affidavit currently have located in their stored email content folders, or that of any of their associated accounts, images of child pornography, as well as potential evidence related to additional individuals involved in the receipt and/or distribution of child pornography. This opinion is based on conversations with ICE HSI Resident Agent in Charge, Mike Prado, who has previously conducted numerous multiple-jurisdiction child pornography distribution investigations of persons trading child pornography via email, and who is the supervising agent of this investigation. Additionally, I know, from other investigative experience, that often located within such stored contents is identifying data related to who sent and received emails containing child pornography and evidence of online communications between persons in which the sexual abuse of children is discussed in excruciating detail and length.

21. Based upon the information above, I have probable cause to believe that on the computer systems owned, maintained, and/or operated by Google Inc. Inc., headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043, there exists evidence, fruits, and instrumentalities of violations of Title, 18 United States Code, Sections 2252(a)(4)(B), 2252A(a)(5)(B), 2252(a)(2), 2252A(a)(2), 2252(a)(1) and 2252A(a)(1). By this affidavit and application, I request that the court issue a search warrant directed to Google Inc. allowing agents to seize the e-mail and other information

stored on the Google Inc. servers for the computer accounts and files and following the
search procedure described in Attachment "B".

Special Agent Andres Varela
Homeland Security Investigations

Approved as to form:

David Gappa
Assistant United States Attorney

Subscribed and sworn

before me this _20_ of November 2012

Barbara A. McAuliffe
United States Magistrate Judge

12

## ATTACHMENT A

## LOCATION TO BE SEARCHED

This warrant is to search for information associated with the Google, Inc. accounts

- **ADIEN1986@GMAIL.COM;**
- **NNANO2520@GMAIL.COM;**
- **BRAD.VAINE@GMAIL.COM; AND**
- **DEVENCARTER@GMAIL.COM;**

that are stored at premises owned, maintained, controlled, or operated by Google, Inc., Custodian of Records, 1600 Amphitheatre Parkway, Mountain View, California 94043

## ATTACHMENT B

## ITEMS TO BE SEIZED

All GOOGLE, INC., GMAIL email subscriber information, stored electronic communications, including email messages (sent/received/stored) with attachments (if any), digital images, buddy list(s), photo albums, Instant Message data, and any other files associated with user(s) and/or user accounts identified as follows:

**ADIEN1986@GMAIL.COM;**

**NNANO2520@GMAIL.COM;**

**BRAD.VAINE@GMAIL.COM; AND**

**DEVENCARTER@GMAIL.COM**

SEALED ISSUED

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

In the Matter of the Search of ) Case No:
*(Briefly describe the property to be searched or identify* )
*the person by name and address)* )
)
The following accounts at Google, Inc. )    1: 1 2 SW 0 0 3 4 5 – BAM
1600 Amphitheatre Parkway )
Mountain View, California 94043 )
)
ADIEN1986@GMAIL.COM; )
NNANO2520@GMAIL.COM; )
BRAD.VAINE@GMAIL.COM; AND )
DEVENCARTER@GMAIL.COM )

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer [or an attorney for the government] requests the search of the following person or property located in the  Eastern  District of  California,  and elsewhere *(identify the person or describe the property to be searched and give its location [See Attachment "A"]):*

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized [See Attachment "B"]):*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before  _12/5/12_
*(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.    ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge

_____
*(name)*

☒ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days (not to exceed 30).
☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  _11/20/12_

City and State:     Fresno, California

_Judge's signature_

B. McAuliffe
*Printed name and title*

AO 106 (Rev. 04/10)  Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| *Case No.:* | *Date and time warrant executed:* | *Copy of warrant and inventory left with:* |

*Inventory made in the presence of:*

*Inventory of the property taken and name of any persons(s) seized:*

| Certification |
|---|

    *I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.*

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### LOCATION TO BE SEARCHED

This warrant is to search for information associated with the Google, Inc. accounts

- **ADIEN1986@GMAIL.COM;**
- **NNANO2520@GMAIL.COM;**
- **BRAD.VAINE@GMAIL.COM; AND**
- **DEVENCARTER@GMAIL.COM;**

that are stored at premises owned, maintained, controlled, or operated by Google, Inc., Custodian of Records, 1600 Amphitheatre Parkway, Mountain View, California 94043

## ATTACHMENT B

## ITEMS TO BE SEIZED

All GOOGLE, INC., GMAIL email subscriber information, stored electronic communications, including email messages (sent/received/stored) with attachments (if any), digital images, buddy list(s), photo albums, Instant Message data, and any other files associated with user(s) and/or user accounts identified as follows:

**ADIEN1986@GMAIL.COM;**

**NNANO2520@GMAIL.COM;**

**BRAD.VAINE@GMAIL.COM; AND**

**DEVENCARTER@GMAIL.COM**